PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021) JUDGE KATHLEEN CARDONE

FILED
May 03, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____D. Trujillo_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE __WESTERN__ DISTRICT OF TEXAS
__EL PASO__ DIVISION

__Austin Litchfield  78634112__
Plaintiff's Name and ID Number

__LA TUNA Federal Correctional Institute__
Place of Confinement

EP23CV0181

CASE NO. _____
(Clerk will assign the number)

v.

__Sandra Hijar Warden FCI LA TUNA__
__8500 Doniphan Rd__
__Anthony, TX 79821__
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: 12/05/22

        2. Parties to previous lawsuit:
            Plaintiff(s) Austin Tyler Litchfield
            Defendant(s) United States of America

        3. Court: (If federal, name the district; if state, name the county.) United States Court of Western District of North Carolina

        4. Cause number: 522-cv-147-GCM [5:19-cr-65-GCM-DCK-1]

        5. Name of judge to whom case was assigned: Graham C Mullen

        6. Disposition: (Was the case dismissed, appealed, still pending?) Dismissed

        7. Approximate date of disposition: 12/5/22

2

II. PLACE OF PRESENT CONFINEMENT: La Tuna Federal Correctional Institute

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___ NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: Austin Litchfield
LA Tuna Federal Correctional Institute
P.O Box 3000 Anthony New Mexico 88021

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Sandra Hijar FCI LaTuna
8500 Doniphan Rd. Anthony, TX 79821
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: _____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I was in my unit it was early. A guy was getting high like I told the LT at my bunk. I went to the guy that got him high asked why he did that bc he knows that guy shouldn't be. He got upset next thing I know he bear hugged me and I was on the ground with my arms pinned asking for someone to get him off. The cop came in later and when he heard keys he let go. I got up. The incident report is a rewrite and states we were throwing closed fist punches fighting. The medical doctor himself said he would provide statement that this is impossible there were not marks. It was recorded and documented.

VI. **RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would like the shot dropped or to something lesser. I had S points and was supposed to go to camp but the prison lost my paperwork, 2 months later this happened. I want to be able to be camp eligible.

VII. **GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

78634112

VIII. **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ___YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied?  ___YES  ___NO

C. Has any court ever warned or notified you that sanctions could be imposed?   ____YES ____NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division):_____
   2. Case number:_____
   3. Approximate date warning was issued:_____

Executed on: 3/26/23
DATE

Austin Litchfield
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this Sunday day of March, 20 23.
       (Day)           (month)         (year)

Austin Litchfield
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

**Administrative Remedy No. 1137368-A1**
**Part B - Response**

You appeal the decision of the Discipline Hearing Officer (DHO) regarding incident report #3668216, in which you were found to have committed the prohibited act of Code 201, Fighting With Another Person. You contend you were not involved in a fight and the medical assessments confirm you had no injuries to indicate you were involved in a fight. For relief, you request the incident report be expunged.

Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, <u>Inmate Discipline Program</u>. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Section V of the DHO Report specifically documented why you were found guilty of a Code 201, despite not having injuries. The statement of the report writer in Section 11 of the incident report documented that you were observed on the floor with another inmate on top of you. You were observed striking the other inmate in his upper torso with a closed fist. In addition, the DHO considered your conflicting statements during the investigation. Your Due Process rights were upheld during the discipline process. The sanctions imposed in this disciplinary proceeding were commensurate to the severity level of the offense committed and in compliance with policy.

Considering the foregoing, your appeal is denied.


<u>January 31, 2023</u>                           <u>A. Connors</u>
Date                                             Ian Connors, Administrator
                                                 National Inmate Appeals